# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JOHN OMOILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 3:22-cv-02638-X |
| | ) | |
| GODWIN EMEFIELE | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DEFENDANT'S MOTION TO DISMISS<br>AND BRIEF IN SUPPORT</u>

Respectfully Submitted,

/s/ Zino Magbegor
Zino Magbegor, Bar No.: 24103871
Magbegor & Associates, PLLC
5851 Legacy Circle
Plano, TX 75024
Phone: (469) 609-7850
Fax: (469) 899-2288
Email: zino@magbegor.com
**Attorney for Defendant**

## **<u>TABLE OF CONTENTS</u>**

TABLE OF CONTENTS..........................................................................I,II

TABLE OF AUTHORITIES ..............................................................III,IV

INTRODUCTION ..................................................................................... 1

PROCEDURAL HISTORY ...................................................................... 2

FACTS....................................................................................................... 3

    1.  *The Shock*.................................................................... 4

    2.  *Oil and Gas Agreement*.............................................. 4

    3.  *Settlement Agreement dated 26/04/2014*.................... 5

    4.  *Prior Lawsuit*.............................................................. 6

    5.  *Residency*.................................................................... 6

        A.    Cottonwood................................................. 7

        B.    Georgian..................................................... 8

LEGAL STANDARD................................................................................ 8

        A.    Personal Jurisdiction................................. 8

        B.    Service of Process...................................... 10

ARGUMENT AND ANALYSIS.... ....................................................... 11

  A. Mr. Emefiele Is Not a United States Citizen
     or A Texas Resident Subject To The Court's Personal
     Jurisdiction.................................................................... 12

  B. Dismissal Of the Complaint Is Appropriate
     Due to Insufficient
     Service............................................................................ 16

I

CONCLUSION..................................................................................... 20

CERTIFICATE OF SERVICE............................................................. 21

## TABLE OF AUTHORITIES

### Cases

*Asahi Metal Indus. Co. v. Superior Court,*
   480 U.S. 102, 113–14, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) ................................ 16

*Bruno's Inc. v. Arty Imports, Inc.,*
   119 S.W.3d 893, 896-97 (Tex. App.—Dallas 2003, no pet.) .................................. 10

*Mink v. AAAA Dev. LLC,*
   190 F.3d 333, 335 (5th Cir. 1999), ............................................................................. 9

*Sangha v. Navig8 Ship Management Private Ltd.,*
   882 F.3d 96, 101 (5th Cir. 2018). ............................................................................. 10

*Carimi v. Royal Carribean Cruise Line, Inc.,*
   959 F.2d 1344, 1347 (5th Cir. 1992) ........................................................................ 11

*Co. v. Wash.,*
   326 U.S. 310, 316 (1945) ........................................................................................... 11

*Delta Steamships Lines, Inc. v. Albano,*
   768 F.2d 728 (5th Cir. 1985). .................................................................................... 11

*Erie R.R. v. Tompkins,*
   304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938). ............................................................. 12

*Gundle Lining Constr. Corp. v. Adams Cty. Asphalt,*
   85 F.3d 201, 205 (5th Cir. 1996). .............................................................................. 14

*In re Katrina Canal Breaches Litig.,*
   309 F. App'x 833, 835 (5th Cir. 2009)....................................................................... 12

*Inc. v. Silver,*
   884 S.W.2d 151, 152 (Tex. 1994............................................................................... 20

*Int'l Shoe Co. v. Washington,*
   326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) .............................................. 14

*L.K. v. Mazda Motor Corp.,*
Civil Action No. 3:09-cv-469-M, 2009 U.S. Dist. LEXIS 32134, at *2 (N.D. Tex. Apr.
   15, 2009). ................................................................................................................... 12

*Ltd. v. Superior Court of California, Solano County,*
   480 U.S. 102, 113 (1987) ........................................................................................... 11

III.

*Medford v. Salter,*
    747 S.W.2d 519, 521 (Texas. App.—Corpus Christi 1988 ...................................... 19

*Moncrief Oil Int'l v. OAO Gazprom,*
    481 F.3d 309, 311 (5th Cir. 2007) .......................................................................... 11

*P.C. v. Carnegie,*
    No. 4:15-CV-404-A, 2015 U.S. Dist. LEXIS 89645, at *3 (N.D. Tex. July 10, 2015)
    ................................................................................................................................. 19

*Platt v. Carteret Cty. Dep't of Human Servs.,*
    No. 4:21-CV-1241-O, 2022 U.S. Dist. LEXIS 155905, at *8 (N.D. Tex. Aug. 15,
    2022). ....................................................................................................................... 18

*S.A. v. Hall,*
    466 U.S. 408, 414 n. 8, 104 S. Ct. 1868, 1872 n. 8, 80 L. Ed. 2d 404 (1984).) ........ 14

*Schlobohm v. Schapiro,*
    784 S.W.2d 355, 357 (Tex. 1990) ........................................................................... 10

*SEC v. Plummer,*
No. 3:21-CV-2331-B, 2022 U.S. Dist. LEXIS 25696, at *10 (N.D. Tex. Feb. 14, 2022)
    ................................................................................................................................. 20

*Smith v. Commercial Equip. Leasing Co.,*
    678 S.W.2d 917, 918 (Tex.1984) ........................................................................... 19

*Steward Health Care Sys. LLC v. Saidara,*
    633 S.W.3d 120, 126 (Tex. App. 2021)................................................................... 10

*Taylor v. El Centro Coll.,*
No. 3:21-CV-999-D-BH, 2022 U.S. Dist. LEXIS 33227, at *6 (N.D. Tex. Feb. 25, 2022)
    ................................................................................................................................. 18

*Uvalde Country Club v. Martin Linen Supply Co., Inc.,*
    690 S.W.2d 884, 885 (Tex. 1985) ........................................................................... 20

## **Rules**

Fed. R. Civ. P. 12(b)(5)............................................................................................... 12

Tex. R. Civ. P. 106(b). ................................................................................................ 19

IV.

*Tex. R. Civ. P. 106*................................................................................................. 12

**<u>Federal Statutes</u>**

U.S.C §§ 1441(a) ................................................................................................. 4

28 U.S.C §§ 1332(a)(2) ....................................................................................... 4

IV.

Defendant, Godwin Emefiele, ("Mr. Emefiele" or "Defendant"), by and through his attorney, Zino Magbegor, and pursuant to the Federal Rules of Civil Procedure, hereby moves this Court to dismiss Plaintiff's removed Complaint, (Pl. Compl., ECF No. 1-3, Ex. C), pursuant to Rules 12(b)(2) (lack of personal jurisdiction) and 12(b)(5) (insufficient service of process).

## I.  <u>INTRODUCTION</u>

Plaintiff John Omoile ("Plaintiff") states that Defendant is a **resident** of Lagos, Nigeria while alleging that Defendant "maintains a residence" in Dallas County, Texas on Cottonwood Dr. may be served at the Texas address. (Pl. Compl., ECF No. 1-3, Ex. C, ¶ 1.2.) Plaintiff further alleges that Defendant is married to Plaintiff's "sister". (Pl. Compl., ECF No. 1-3, Ex. C, ¶ 3.1.) Plaintiff alleges that the Cottonwood Dr. property is "owned" by Plaintiff's own spouse. (Supp. to Mtn. for Sub. Service, ECF No. 1-3, Ex. H, ¶ 1.2.) In his demand letter, Plaintiff addressed Defendant at his residence in Lagos, Nigeria. (Mtn. for Sub. Service, ECF No. 1-3, Ex. F, Pg. 34.)

Furthermore, Plaintiff alleges that Defendant breached an agreement (the "Settlement Agreement" or "2014 Agreement") that the Parties entered in 2014 and "promised in 2019 and 2020". (Pl. Compl., ECF No. 1-3, Ex. C, ¶ 4.4.) Plaintiff further alleges that Defendant breached fiduciary duties Defendant owed to Plaintiff as a "result of their joint ventures…and the close relationship". (Pl. Compl., ECF No. 1-3, Ex. C, ¶ 4.8.) In his third cause of

action, Plaintiff alleges that Defendant's relationship with him was fraudulent especially as it relates to the purported 2014 Agreement. (Pl. Compl., ECF No. 1-3, Ex. C, ¶ 4.15.)

Defendant respectfully moves this Court to dismiss all of Plaintiff's claims against Defendant for lack of personal jurisdiction, and insufficient service of process.

As set forth below, Defendant is not a citizen of the United States or a resident of the State of Texas and therefore outside the jurisdiction of the Court. Plaintiff's affidavit to support his Motion for Substitute Service is defective.

## II.   PROCEDURAL HISTORY

On May 12, 2022, Plaintiff filed his Original Petition (the "Complaint") in the 68th Judicial District Court of Dallas County, Texas (the "state action"). (Pl. Compl., ECF No. 1-3, Ex. C.) Plaintiff alleges that he made several attempts to serve Mr. Emefiele at addresses in Coppell, Texas. (Mtn. for Sub. Service., ECF No. 1-3, Ex. F, Pg. 31.) On September 15, 2022, Plaintiff filed a motion for substituted service in the state action under Rule 106(b) of the Texas Rules of Civil Procedure due to his unsuccessful attempts to serve Defendant in Texas. (*Id.* at 31). In support of his motion, Plaintiff attached an Affidavit stating that Defendant is <u>at home</u> in Coppell, Texas and providing email addresses for substitute service. (*Id.* at 49) Plaintiff's

2

Motion was granted on October 24th, 2022. (*Id*. at 71.) Defendant was purportedly served citation with the complaint on October 28, 2022, and November 3, 2022, by posting on the doors at the Coppell, Texas addresses identified in the Complaint, and via email on October 28, 2022, to Defendant and his alleged counsel. (*Id*. at 73-82.)

Defendant removed this action pursuant to 28 U.S.C §§ 1441(a) and 28 U.S.C. 1332(a)(2) on November 23, 2022. (Notice of Removal, ECF No. 1.) Defendant filed a Motion for an extension of time to Answer or respond to Plaintiff's Complaint (Def. Mtn. For Ext. of Time, ECF No. 5.) Defendant's answer or other response to the controlling Complaint is due on or before December 30, 2022. (Order, ECF No. 6.)

## III.   FACTS[1]

Mr. Omoile is a resident of Texas. (Pl. Compl., ECF No. 1-3, Ex. C, ¶ 1.1.) Mr. Emefiele is a resident of Lagos, Nigeria. (*Id*. at ¶ 1.2.) Mr. Emefiele is married to Mr. Omoile's sister. (Pl. Compl., ECF No. 1-3, Ex. C, ¶ 3.1.) As a result of the family ties, the parties became close and allegedly engaged in business transactions. (*Id*. at ¶ 3.2.) Mr. Omoile assisted Mr. Emefiele's family in the purchase of a property in Coppell, Texas. (*Id*. at ¶ 3.3.)

---

[1] The facts are recited as pleaded by Plaintiff with all reasonable inferences in his favor, as is appropriate for the Court's analysis on a motion under Fed. R. Civ. P. 12(b). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Many are, however, contested.

### 1. **The Stock**

Plaintiff Omoile alleges that he paid Mr. Emefiele $50,000 for the purchase of an Initial Public Offering ("IPO") investment in Zenith Bank in Nigeria which Mr. Emefiele purchased in 2004. (*Id.* at ¶ 3.4 – 3.5.) In 2007, Mr. Omoile allegedly received 200,000 additional shares from Defendant as a gift. (*Id.* at ¶ 3.6.) Mr. Emefiele became the managing director of Zenith Bank in 2010 and the governor of the Central Bank of Nigeria in 2014. (*Id.* at ¶ 3.8.) According to Plaintiff's allegations, Mr. Emefiele "continues to use his position" to hinder Plaintiff from getting an accounting of his shares with Zenith Bank. (*Id.* at ¶ 3.10.)

### 2. **Oil and gas agreement**

Mr. Omoile alleges that the parties signed a Memorandum of understanding ("MOU") and Confidentiality and Non-Disclosure agreements ("CNDA") (collectively the "NDA") in Coppell, Texas to execute the formation of a company, Noka Oil and Gas in Nigeria. (*Id.* at ¶ 3.10.[2]) Mr. Omoile alleges that a few years after in Nigeria, Mr. Emefiele requested that he signed another MOU and an agreement for the "division of the partnership". (*Id.* at ¶ 3.15.) Plaintiff *clarifies* in his next statement that Noka Oil and Gas was never incorporated. (*Id.* at ¶ 3.16.)

---

[2] ¶ 3.10 is numbered twice in Plaintiff's Complaint.

### 3. **Settlement Agreement dated 26/04/2014[3]**

On or about April 26, 2014, Plaintiff claims that the parties entered into an agreement which included a promise not to sue Mr. Emefiele in the future for their "outstanding business issues. (*Id.* at ¶ 3.21.) According to Mr. Omoile, he was compelled to enter into the agreement due to Plaintiff's position within Zenith Bank and his mounting debts. (*Id.*) As part of that Agreement, Mr. Omoile alleges that Mr. Emefiele was supposed to aid him with getting stock information regarding shares owned by Mr. Omoile. (*Id.* at ¶ 3.22.) Although Mr. Omoile had previously stated that Mr. Emefiele moved on from Zenith Bank to the Central Bank in 2014, Mr. Omoile contends that Mr. Emefiele controlled Zenith Bank in 2019 such that they would not release information regarding Mr. Omoile's shares and transactions. (*Id.* at ¶ 3.25.) Per Mr. Omoile's allegations, Mr. Emefiele made an admission through his wife that he never intended to form an Oil and Gas company. (*Id.* at ¶ 3.27.)

---

[3] Plaintiff failed to attach the agreement/settlement agreement dated 26/04/2014 to his Complaint and rather quotes excerpts from it. Therefore, Defendant attaches the out-of-court settlement agreement dated 26/04/14 and the related Omoile 2012 Signed Demand Letter, both of which are incorporated in the complaint by reference and relatedness. *Mitchell v. Baylor Univ.,* No. 622CV00195ADADTG, 2022 WL 2307480, at *2 (W.D. Tex. June 27, 2022), report and recommendation adopted, No. 6:22-CV-00195-ADA, 2022 WL 3219418 (W.D. Tex. Aug. 9, 2022), ("the plaintiff's reliance on the "document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a motion to dismiss[]"" quoting, *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2nd Cir. 2002).

Defendant Emefiele became a public officer in June 2014, after the signing of the Out-of-Court Settlement Agreement. Emefiele Aff. ¶ 23 (Appx. 3).[4] As a public officer, Defendant became a target for a lawsuit in Nigeria by Mr. Omoile for harassment demanding monies for matters that had been settled in the 2014 Settlement Agreement. Emefiele Aff. ¶ 24 (Appx. 3).

### 4. <u>Prior Lawsuit</u>

In July 2021, Mr. Omoile engaged a second attorney, this time in Texas, and yet again, made allegations against Mr. Emefiele in Cause No. 3:21-cv-01657-X ("prior lawsuit") which was brought before this Court. ((Pl. Compl., ECF No. 1-3, Ex. C, ¶ 3.35.) See also Compl. Cause No. 3:21-cv-01657-X, ECF 1, attached as Ex. 2 (Appx. 5-44)[5]. In that suit, Plaintiff entered Mr. Emefiele's residence as Lagos, Nigeria and did not mention a Texas address. Orig. Compl. Cause No. 3:21-cv-01657-X, ECF 1, attached as Ex. 2 (Appx. 5-44). Mr. Omoile informed the court that he has "seen vehicles

---

[4] When considering a motion to dismiss for lack of personal jurisdiction, a district court may consider documents such as affidavits and oral testimony. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).

[5] Plaintiff Omoile has referenced this lawsuit in his Complaint, and its pleadings are therefore incorporated by reference. The Court's consideration of the pleadings from the prior lawsuit at this juncture will not convert Mr. Emefiele's Motion to a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil procedure. The 5th Circuit has held that a court may review documents mentioned in the pleadings that are central to the plaintiff's claims. Natixis Funding Corp. v. Genon Mid-Atlantic, L.L.C. (In re Genon Mid-Atlantic Dev., L.L.C.), 42 F.4th 523, 546 (5th Cir. 2022) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000)). See also Thomas v. Esper, No. 5:18CV110-RWS-CMC, 2019 WL 3026951, at *4 (E.D. Tex. May 22, 2019), report and recommendation adopted, No. 5:18CV110-RWS-CMC, 2019 WL 3017418 (E.D. Tex. July 10, 2019), where the Court took judicial notice of and referenced the EEOC documents as matters of public record on a motion to dismiss without converting the motion.

associated" with Mr. Emefiele to be at 100 Cottonwood drive as recently as September, 2022. (Aff. Of John Omoile, ECF No. 1-3, Ex. F, Pg. 49.)

5. **Residency**

Mr. Omoile alleges that Mr. Emefiele maintains a residence in Texas. (*Id*. at ¶ 1.2.) According to Mr. Omoile in his Affidavit, Mr. Emefiele has *two* properties in Coppell, Texas 75019; one at 100 Cottonwoood Dr. (hereinafter "Cottonwood") and the other at 179 Georgian Dr. (hereinafter "Georgian"). (Motion for Substituted Service, Exhibit F, ECF No. 1-3, Pg.49.)

A. <u>Cottonwood</u> – In his Complaint, Mr. Omoile alleges that this property is in his sister's, Anita Omoile's name (*Id*.). Even though elsewhere, he alleges that Mr. Emefiele maintains this address and resides there. (*Id*. at 1.5 and 1.7.) (See also Pl. Compl., ECF No. 1-3, ¶ 1.2.) Mr. Omoile attaches property records to show that the property is held in the name of a business entity not in Defendant's name. (Mtn. for Sub. Service, ECF No. 1-3, Ex. F, Pg.62.) Furthermore, Mr. Omoile alleges that on the occasion when the door was answered in an attempt to effectuate service at this address, he was informed that Mr. Emefiele did not reside there, and the identification of the resident was provided to the process server. (*Id*. at 47, ¶ 3.)

7

B. <u>Georgian</u> – According to Mr. Omoile, the Georgian property is owned by Mr. Emefiele's wife, Margaret Emefiele. (*Id*. at 59.) Mr. Omoile contends that he transferred ownership of the property to Mrs. Margaret Emefiele in 2013. (Pl. Compl., ECF No. 1-3, ¶ 3.13.)

Elsewhere, Mr. Omoile contends that Plaintiff resides at these addresses in Coppell, Texas but stated to the court in his Complaint that Mr. Emefiele is a resident of Lagos, Nigeria. (*Id*. at ¶ 1.2.). Additionally, he addresses his demand letter to Mr. Emefiele in Lagos, Nigeria, not the Coppell addresses. (Mtn. for Sub. Service, ECF. 1-3, Ex. F, Pg. 34.) In Mr. Omoile's prior lawsuit in 2021, he stated that Mr. Emefiele is a citizen of Nigeria and may be served in Lagos, Nigeria. (Orig. Compl. Cause No. 3:21-cv-01657-X, ECF 1, ¶ 3 attached as Ex. 2 (Appx. 5-44).) Mr. Omoile stated, and Defendant will agree, that the lawsuits have similar factual allegations. (Pl. Compl., ECF No. 1-3, ¶ 3.35.) That lawsuit was dismissed by Mr. Omoile barely a month after. (Notice of Nonsuit, Cause No. 3:21-cv-01657-X, ECF. 6, attached as Ex. 3. (Appx. 45))

## IV.   <u>LEGAL STANDARD</u>

### A. *Personal Jurisdiction*

In *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999), the 5th Circuit held that a federal court must consider these factors when deciding if it has personal jurisdiction over a nonresident defendant: (1) personal

8

jurisdiction given to the court by the long-arm statute of the state in which it sits; and (2) "whether the exercise of personal jurisdiction is consistent with Due Process Clause of the Fourteenth Amendment."

Under Texas law, like the Federal standard, personal jurisdiction requires the defendant to have minimum contacts with the forum state and the court's exercise of jurisdiction to be consistent with "traditional notions of fair play and substantial justice". *Sangha v. Navig8 Ship Management Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).

The Supreme Court of Texas interpreted the Texas long-arm statute "to reach as far as the federal constitution permits." *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). The initial burden is on the Plaintiff to plead sufficient allegations to bring a nonresident defendant under the Texas long-arm statute. *Steward Health Care Sys. LLC v. Saidara*, 633 S.W.3d 120, 126 (Tex. App. 2021). To meet this burden, making a prima facie case of the existence of claims to show the act for the basis of jurisdiction is insufficient. *Id.* (citing *Bruno's Inc. v. Arty Imports, Inc.*, 119 S.W.3d 893, 896-97 (Tex. App.—Dallas 2003, no pet.)

To establish personal jurisdiction as proper under the Due Process Clause, "[t]he plaintiff must show that (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal

9

jurisdiction over that defendant does not offend traditional notions of 'fair play and substantial justice.'" *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)); see also Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 113 (1987) (describing the factors a court considers in analyzing whether exercising jurisdiction over the defendant complies with "traditional notions of fair play and substantial justice" (quoting Int'l Shoe, 326 U.S. at 316)).

B. *Service of Process*

Rule 4 of the Federal Rules of Civil Procedure sets forth the standards for service of a summons.  When the individual to be served is *within* a judicial district of the United States, service may be accomplished by personal delivery or by following the state law in either the state where the district court is located or where service can be made.  Fed. R. Civ. P. 4(e).  A plaintiff may only serve process under either federal law or state law, but not both simultaneously. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1347 (5th Cir. 1992); see also *Delta Steamships Lines, Inc. v. Albano*, 768 F.2d 728 (5th Cir. 1985).

The Court will apply the law of the state where it seats except in matters governed by the U.S. Constitution or Acts of Congress. *Erie R.R. v.*

*Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938). Under Texas law, a defendant may be served under Rule 106 which states:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
> (b) Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

> *Tex. R. Civ. P. 106.*

When a challenge is raised to the sufficiency of service under Fed. R. Civ. P. 12(b)(5), the burden is on the *plaintiff* to prove that service was proper. *In re Katrina Canal Breaches Litig.,* 309 F. App'x 833, 835 (5th Cir. 2009). If a court finds actual prejudice to a defendant or blatant disregard of the requirements of the rules, dismissal is appropriate. *L.K. v. Mazda Motor Corp.*, Civil Action No. 3:09-cv-469-M, 2009 U.S. Dist. LEXIS 32134, at *2 (N.D. Tex. Apr. 15, 2009).

## V.   ARGUMENT AND ANALYSIS

### A. *Mr. Emefiele is not a United States citizen or a Texas resident subject to the Court's personal jurisdiction.*

Mr. Emefiele is a citizen of Nigeria. Emefiele Aff. ¶ 3 (Appx. 1). See also Pl. Compl., ECF No. 1-3, Ex. C, ¶ 1.2. He has never been employed in the United States of America or in Texas. Emefiele Aff. ¶ 7 (Appx. 2). He is not eligible to pay taxes in Texas or have a Texas driver's license. Emefiele Aff. ¶¶ 10-11 (Appx. 2). Mr. Emefiele is not eligible to register to vote in Texas or any state in the United States of America as he is not a citizen of the United States of America. Emefiele Aff. ¶ 12 (Appx. 2). Although Defendant Emefiele has visited Texas several times, he has also visited the United Arab Emirates, England and he has stayed at the home of Mr. Omoile during his visits to Texas. Emefiele Aff. ¶¶ 15-16 (Appx. 2).

Around 2008, Plaintiff, Mr. Omoile purchased a property at 967 Hummingbird Road, Coppell, Texas in the same neighborhood in which Mr. Omoile resided. Emefiele Aff. ¶ 17 (Appx. 2). At about 2015, Mr. Omoile relinquished the title to this property to his sister, Mrs. Margaret Emefiele. Mrs. Emefiele subsequently sold the 967 Hummingbird property and purchased a replacement property at 179 Georgian Drive, Coppell, Texas. Emefiele Aff. ¶ 18 (Appx. 2-3). This is the property that Mr. Omoile refers to as Mr. Emefiele's "home", even though he admits multiple times in his complaint, that Mr. Emefiele was employed and living in Nigeria during the

12

relevant period. As a matter of fact, Mr. Omoile alleges in his complaint that after 2008 when this property was purchased, he went to visit Defendant several times in Nigeria but does not indicate any further meetings with Defendant in Texas or at the alleged "home".

The Fifth Amendment due process clause requires a nonresident defendant to have purposely availed himself of benefits and protection by establishing "minimum contacts" with the forum such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Minimum contacts prong can be divided into contacts that give rise to general personal jurisdiction and specific personal jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cty. Asphalt*, 85 F.3d 201, 205 (5th Cir. 1996). Specific jurisdiction is appropriate when a defendant's contacts with the state are directly related to or arise from the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S. Ct. 1868, 1872 n. 8, 80 L. Ed. 2d 404 (1984).)

Mr. Omoile alleges that the parties entered into a Settlement Agreement on April 26, 2014, in Nigeria. He also alleges that the stock shares he references in his complaint were purchased in Nigeria from a Nigerian entity, Zenith Bank.

Mr. Omoile's  alleged claims against Mr. Emefiele which he settled on April 26, 2014, (see, Out-of-Court Settlement Agreement), all occurred in Nigeria. The Out-of-Court Settlement Agreement itself, which Mr. Omoile is seeking to reopen, was signed in Lagos, Nigeria. See, Def. Aff. ¶ 20.

Furthermore, as shown above, Mr. Emefiele would not reasonably anticipate to answer to an action in Texas for the Out-of-Court Settlement Agreement which settled all disputes between the parties. See, the out-of-court settlement agreement dated 26/04/14 and the related Omoile 2012 Signed Demand Letter. Mr. Emefiele would also not reasonably anticipate to answer to an action as he has been merely a transient person. Mr. Emefiele has not had sufficient minimum contacts with Texas to meet the Fifth Amendment due process minimum contacts requirements.

Traditional notions of fair play and substantial justice require reasonableness. The Supreme Court has held that courts must evaluate the following factors as part of this "reasonableness" analysis: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113–14, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987);

Requiring Defendant Emefiele to respond to this action in Texas will place a huge burden on Defendant. Not only does Mr. Emefiele live in a country thousands of miles, but the disputes also which Mr. Omoile seeks to reopen involves facts, as pled by Mr. Omoile, that occurred in Nigeria. The alleged stocks were purchased and/or transferred in Nigeria and involves a Nigerian entity. Any third-party evidence that may be required to support the parties claims and defenses will be in Nigeria. Any witnesses to the settlement agreement are in Nigeria and any evidence regarding the parties alleged oil and gas venture will be in Nigeria.

Furthermore, Texas has no interest in reopening the April 2014 settlement agreement that was signed in Nigeria. If anything, Nigeria is the appropriate forum with interest in the claims as the alleged acts occurred in Nigeria and it involves citizens of Nigeria[6] bound by Nigerian contract law since the agreement was silent as to choice of law.

Mr. Omoile has demonstrated by his frequent travels to Nigeria, as he demonstrated in his complaint, that he is comfortable going there. He has had no trouble in the past getting legal counsel there as well. He may seek

---

[6] Upon information and belief, Mr. Emefiele believes that Mr. Omoile has dual citizenship and within the past five (5) years, has had a Nigerian passport.

relief in that country where the laws may be better interpreted to his alleged harm involving acts that occurred within the jurisdiction of that country.

As such, it will be more efficient for the resolution of the controversy to have the case heard in Nigeria if necessary.

**B. _Dismissal of the Complaint is appropriate due to insufficient service._**

Mr. Emefiele is a citizen and resident of Nigeria. Emefiele Aff. ¶ 3 (Appx. 1.)  Mr. Emefiele does not own any bank accounts in Texas or has he ever received any utility bills in his name from any utility companies in Texas. Emefiele Aff. ¶ 14 (Appx. 2.) At no point during the relevant time period till present has Mr. Omoile been a resident of Coppell, Texas. Emefiele Aff. ¶¶ 19-20 (Appx. 3.)

Plaintiff Omoile provides two addresses in Coppell, Texas in his Complaint for Mr. Emefiele. (Pl. Compl., ECF No. 1-3, ¶ 1.2.) Mr. Omoile admits that one of the properties belongs to his own sister and the other property belongs to his cousin. Furthermore, when service was attempted at the property at 100 Cottonwood Dr., a person who was not Defendant answered the door and this was brought to Plaintiff's attention. Mr. Omoile, knowing Mr. Emefiele's address in Lagos Nigeria, still insisted that the property belonging to his own wife is Defendant's residence for notice of a lawsuit and sought substitute service in flagrant disregard of the rules.

Prior to that, Mr. Omoile, had always addressed Mr. Emefiele at his Lagos, Nigeria address according to the information from the previous lawsuit filed by Mr. Omoile and his attorney's letters to Mr. Emefiele. Obviously, Mr. Omoile was aware of Mr. Emefiele's residence and location even as of summer of 2022. However, he is attempting to circumvent the federal and state rules by making inaccurate statements to obtain substitute service on Defendant Emefiele.

It was impossible for Mr. Omoile to serve Mr. Emefiele, a foreign defendant, at a home he neither owns nor resides in. Mr. Omoile's option to comply with Texas rules would have been to serve Mr. Emefiele by certified mail, which he failed to do. Rule 106(a)(2) permits service upon a person or by certified mail. If a party is unsuccessful in serving the defendant under 106(a)(1) or (2), the court may authorize substitute service based on the motion of the party supported by an affidavit. Id. The affidavit must state that unsuccessful attempts have been made to locate the defendant. *Taylor v. El Centro Coll.*, No. 3:21-CV-999-D-BH, 2022 U.S. Dist. LEXIS 33227, at *6 (N.D. Tex. Feb. 25, 2022). However, service of process is not presumed valid. *Platt v. Carteret Cty. Dep't of Human Servs.,* No. 4:21-CV-1241-O, 2022 U.S. Dist. LEXIS 155905, at *8 (N.D. Tex. Aug. 15, 2022).

The fact that Mr. Emefiele visits the properties in Coppell Texas is not sufficient to say that he resides or lives in either of those homes. (Emefiele

Aff. ¶ 21 (Appx. 3.)  That will make every visitor in Texas subject to the jurisdiction of every court within the state. In Plaintiff's Supplement to his motion for substituted service, he alleges "evidence attached" will reflect that Mr. Emefiele "maintains two homes in Coppell, Texas" and fails to provide any evidence to support this statement as promised. (Suppl. Mtn. for Sub. Serv., ECF No. 1-3, Ex. H, ¶ 1.3.) Instead, he provides evidence to show otherwise. Mr. Omoile admits that one of the properties belongs to his own sister (*Id.* at Pg. 62) and the other property belongs to his cousin (*Id.* at Pg. 59). An attempted service should be at a place where a Defendant can probably be found. *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-CV-404-A, 2015 U.S. Dist. LEXIS 89645, at *3 (N.D. Tex. July 10, 2015) (where the Court ruled that the address in the Defendant's financial statements could show that it was a place she could probably be found). Courts have required an affirmative showing of strict compliance with the Rules of Civil Procedure in reviewing the validity and effect of attempted service of process. *Smith v. Commercial Equip. Leasing Co.,* 678 S.W.2d 917, 918 (Tex.1984) (holding that the manner of service must strictly comply with the rules in Texas); *Medford v. Salter*, 747 S.W.2d 519, 521 (Texas. App.—Corpus Christi 1988 no writ) (requiring strict compliance with the affidavit requirements of Tex. R. Civ. P. 106(b)). "Failure to affirmatively show strict compliance with the rules of civil procedure relating to the issuance, service, and return of

18

citation will render the attempted service of process invalid and no effect." *Id.* at 758. See also *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994), *Uvalde Country Club v. Martin Linen Supply Co., Inc.,* 690 S.W.2d 884, 885 (Tex. 1985).

Assuming the facts alleged in Plaintiff Omoile's Motion for Substituted Service in the light most favorable to him under Rule 106, his Affidavit is insufficient as it fails to show if Mr. Emefiele used any of the email addresses indicated in the Affidavits recently. If there has been no recent communication or showing that the proposed email has been used recently, service by email may not be effective. See *SEC v. Plummer*, No. 3:21-CV-2331-B, 2022 U.S. Dist. LEXIS 25696, at *10 (N.D. Tex. Feb. 14, 2022) (court held that even though SEC provided evidence of diligent attempt to serve defendant at five physical locations, service on Defendant via email was not effected without a showing that he had recently used the proposed email addresses.)

Mr. Omoile's failure to follow the appropriate method of service as permitted by the rules prejudiced Mr. Emefiele. Not only did Mr. Emefiele scramble to get an attorney in Texas, but the alleged acts also did not occur in Texas. Plaintiff's inaccurate statements in his Motion for Substituted Service, its supplement and all the attached exhibits knowing that Mr.

19

Emeife is a citizen and resident of Nigeria are all a flagrant disregard of the service requirements. Therefore, dismissal is appropriate.

## C. <u>CONCLUSION</u>

For the foregoing reasons, Godwin Emefiele's Motion to Dismiss should be granted in its entirety.

Respectfully Submitted,

/s/ Zino Magbegor
Zino Magbegor, Bar No.: 24103871
Magbegor & Associates, PLLC
5851 Legacy Circle
Plano, TX 75024
Phone: (469) 609-7850
Fax: (469) 899-2288
Email: zino@magbegor.com
**Attorney for Defendant**

## <u>CERTIFICATE OF SERVICE</u>

On 23rd day of December 2022, I electronically filed the foregoing Defendant's Motion to Dismiss and Brief in Support to be filed with the Clerk of Court, using the CM/ECF system that will send notification of such filing to all counsel of record:

Donald M. Kaiser
5440 Harvest Hill Rd., Ste. 201
Dallas, Texas 75230
dkaiser@attorneysforbusiness.com
Phone: 214-441-3000


/s/ Zino Magbegor
Zino Magbegor