UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN OMOILE, | § |
| *Plaintiff,* | § § § |
| v. | §  Civil Action No. 3:22-CV-2638-X § |
| GODWIN EMEFIELE, | § § |
| *Defendant.* | § |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Godwin Emefiele's motion to dismiss Plaintiff John Omoile's amended complaint. (Doc. 31). After careful consideration, and for the reasons below, the Court **DENIES** the motion.

**I. Background**

As the Court recounted in the initial motion to dismiss, Omoile and Emefiele are brothers-in-law and were, until the events giving rise to this lawsuit, business partners.[1] Omoile helped Emefiele purchase a home in Coppell in the same neighborhood where Omoile resides. The two engaged in various business dealings in Texas, including stock purchases, real estate in Houston and Dallas, and an oil and gas venture governed by Texas law and requiring arbitration of disputes in Bexar County.

---

[1] At the motion to dismiss stage, the Court accepts all of Omoile's well-pled facts as true. *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). The Court considers facts from the parties' pleadings, their motions, and appendices attached to those motions. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

1

Eventually, Emefiele "sought to sever all business relationships with" Omoile.[2] The two signed an agreement in 2014 attempting to resolve their financial and business disagreements. According to Omoile, "Emefiele had no intention of performing his obligations as stated in the 2014 document," and after a few years of unsuccessfully trying to resolve their differences, Omoile sued Emefiele.

Initially, Omoile sought to sue in Nigeria, but was deterred upon learning that the proceedings would likely be corrupt due to Emefiele's position as Governor of the Central Bank of Nigeria. So instead, he sued in Texas. But a month after filing suit, Omoile's lawyer unilaterally dismissed the lawsuit because his family in Nigeria had been threatened due to his representation of Omoile. Undeterred, Omoile again sued Emefiele, this time in Texas state court, alleging (1) breach of contract, (2) breach of fiduciary duty, and (3) fraud.[3]

Emefiele removed the case to federal court on the basis of diversity jurisdiction. Emefiele moved to dismiss the case for lack of jurisdiction. The Court granted the motion but dismissed without prejudice, giving Omoile 28 days to replead if he could shore up jurisdictional facts. Omoile filed an amended complaint, and Emefiele moved to dismiss the new complaint on jurisdictional grounds.

---

[2] Doc. 1-3 at 13.

[3] *Id.* at 17–20.

2


## II. Analysis

"In a diversity action, a federal court may exercise personal jurisdiction over a defendant to the extent permitted by the applicable state law."[4] In Texas, the state long-arm statute has "the same scope as the [United States] Constitution."[5] To determine personal jurisdiction under the Constitution, courts look to "whether exercising jurisdiction over [a party] is consistent with the Due Process Clause of the Fourteenth Amendment."[6]

Federal due process "permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice."[7] As to the first consideration, establishing minimum contacts requires demonstrating contacts sufficient to assert either general or specific personal jurisdiction.[8] While "the paradigm forum for the exercise of general jurisdiction is the individual's domicile,"[9] general personal jurisdiction "will attach, even if the nonresident defendant's

---

[4] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 235 F.3d 865, 867 (5th Cir. 2001) (per curiam).

[5] *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

[6] *Id.*

[7] *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (cleaned up).

[8] *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

[9] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (cleaned up).

contacts with the forum state are not directly related to the cause of action, if the defendant's contacts with the forum state are both continuous and systematic."[10]

"When, as here, the [Court] conduct[s] no evidentiary hearing, the party seeking to assert jurisdiction must present sufficient facts as to make out only a prima facie case supporting jurisdiction."[11] The Court "must accept as true that party's uncontroverted allegations, and resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation."[12]

Here, the live complaint states that Emfiele "is a resident of Lagos, Nigeria."[13] But the response to the new motion to dismiss argues that Emfiele consented to jurisdiction in Texas in the Joint Venture Agreement with Noka Energy Group, LLC and Non-Circumvention, Non-Disclosure & Working Agreement. The agreements state that any dispute under that agreement must be sent to binding arbitration in Bexar County, Texas. These two agreements are an integral part of the allegations Omoile makes regarding his claim for breach of fiduciary duty (count two). Therefore, there is personal jurisdiction over the fiduciary duty claim arising from two contracts requiring arbitration in Texas.

Omoile's claim for breach of contract (count one) is broader than the two agreements regarding oil and gas. It also includes all the parties' other business dealings in Texas. But at a minimum, the parties' 2014 memorandum also address

---

[10] *Wilson*, 20 F.3d at 647 (cleaned up).

[11] *Alpine View*, 205 F.3d at 215.

[12] *Id.*

[13] Doc. 20 at 2.

the oil and gas business.[14]  As such, the breach of contract claim arises from Emefiele's Texas contacts.[15]

The tail end of personal jurisdiction analysis involves examining whether the exercise of jurisdiction over the defendant will offend "traditional notions of fair play and substantial justice."[16]  Emefiele's motion to dismiss mentions fair play five times but never explains why exercising jurisdiction over him will offend traditional notions of fair play and substantial justice.  The Court is sympathetic to Emefiele's high ranking government position in Nigeria.  But the Court is also mindful that this suit involves his business dealings in Texas and Omoile's resides here.[17]  The Court believes exercising jurisdiction on these facts will not offend traditional notions of fair play and substantial justice.

## III.  Conclusion

For the foregoing reasons, the Court **DENIES** the motion to dismiss.  The Court will issue a separate order requiring the parties to meet and confer about a

---

[14] Doc. 13 at 35 ("Oil and Gas Business: Both parties attempted to operate an Oil and Gas business.  The business did not truly materialize due to several problems.  Since this agreement terminates every business relationship, both parties hereby agree to terminate the oil and gas business as well as hold each other totally harmless.").  The 2014 memorandum presents serious problems to Omoile's ability to ultimately recover on his claims.  But the question at this stage isn't whether he can recover but whether Emefiele's Texas contacts give rise to Omoile's claims.  They do.

[15] Even if the oil and gas contracts requiring arbitration in Texas weren't dispositive on the breach claim, the amended complaint makes clear that all of the other business dealings Omoile is suing Emefiele over involve Emefiele's Texas contacts.  *See* Doc. 34 at 7.

[16] *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

[17] The Supreme Court made clear that if the defendant and plaintiff don't reside in the forum, then the home state's interest in deciding the dispute at home are thin and fair play requires dismissal.  *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 114 (1987).  But here, we have a local plaintiff and a defendant who agreed to arbitrate disputes in Texas, which strengthens the case for hearing this suit in Texas.

5

proposed scheduling order. In addition, because the two agreements that establish personal jurisdiction here contain an arbitration agreement, any party seeking to compel arbitration must file a motion to compel arbitration no later than 30 days from the date of this order.

**IT IS SO ORDERED** this 23rd day of April, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE